## JOHNSON v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 12, September Term, 1957 (Adv.).]

*Decided July 30, 1957.*

Before Brune, C. J., and Hammond and Prescott, JJ.

Prescott, J., delivered the opinion of the Court.

Judge Cullen of the Supreme Bench of Baltimore City denied the petitioner a writ of *habeas corpus,* and he makes application to this Court for leave to appeal from that denial. He was found guilty on one count of an indictment of a deadly weapon charge and on two other counts of assaults with intent to murder, and was sentenced by Judge Carter to serve five years in the Maryland House of Correction beginning July 22, 1956.

He raises six questions in his application. First, he claims that his counsel was incompetent. In the absence of an allegation that the petitioner complained to the trial court of the services of his attorney, the incompetency of the attorney cannot be raised in *habeas corpus* proceedings. *Snyder v. Warden,* 214 Md. 606, 133 A. 2d 924.

Second, the petitioner alleges his conviction was the result of perjured testimony. The bald allegation of perjury is insufficient to constitute a basis for the issuance of the writ. *Ramberg v. Warden,* 209 Md. 631, 120 A. 2d 201.

Third, the petitioner contends that the State suppressed evidence favorable to him. This contention goes to the regularity, rather than to the validity, of the proceeding, and is not a proper basis for the issuance of a writ of *habeas corpus. Randall v. Warden,* 208 Md. 667, 119 A. 2d 712.

In the fourth, fifth and sixth questions raised by the petitioner, he asserts the evidence produced against him was insufficient to sustain a conviction. We have repeatedly held that the sufficiency of the evidence adduced at the trial cannot be reviewed in a *habeas corpus* proceeding. *Snyder v. Warden,* 214 Md. 606, 133 A. 2d 924.

*Application denied, with costs.*